IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANGELO LEE CLARK,

Plaintiff,

v.

ROBERT COUPE, et al.,

Defendants.

Civil Action No. 1:17-cv-00066-RGA

**MEMORANDUM**

Presently before me is the lengthy Report & Recommendation ("Report") of a United States Magistrate Judge. (D.I. 69). It addresses DOC Defendants'[1] Motion to Dismiss and Medical Defendants'[2] Motion to Dismiss for Failure to State a Claim. (D.I. 32, 34). Plaintiff and DOC Defendants have filed objections to the Report. (D.I. 71, 72). DOC Defendants and Medical Defendants have responded to Plaintiff's objections. (D.I. 74, 76). Plaintiff has responded to DOC Defendants' objections. (D.I. 75).

**I. BACKGROUND**

Plaintiff has been an inmate at James T. Vaughn Correctional Center ("JTVCC") since 2004. (D.I. 29 at ¶ 19). While at JTVCC, Plaintiff has been treated for serious mental illness ("SMI"). (*Id.* at ¶ 1). He was housed in solitary confinement for fifteen days in 2015 and for seven months in 2016. (*Id.* at ¶ 11). He alleges that his placement in solitary confinement was "in retaliation for [his] SMI, loud voice, or minor rule infractions." (*Id.* at ¶ 1).

---

[1] "DOC Defendants" are Defendants Robert Coupe, Perry Phelps, Dana Metzger, David Pierce, Jeffrey Carrothers, Bruce Burton, Marcello Rispoli, and Roland Willey.
[2] "Medical Defendants" are Defendants Dr. William Ray Lynch, Dr. Paola Muñoz, Dr. David Yunis, Rhonda Montgomery, Susan Mumford, and Stephanie D. Johnson.

Plaintiff filed this Section 1983 lawsuit *pro se* on January 23, 2017. (D.I. 1). The Court appointed counsel for Plaintiff on September 12, 2017. (D.I. 22). With the aid of counsel, Plaintiff filed a first amended complaint (FAC) on January 12, 2018, alleging that Defendants violated his rights under the First, Fifth,[3] and Eighth Amendments of the United States Constitution applied through the Due Process Clause of the Fourteenth Amendment. (D.I. 29). He seeks damages and a permanent injunction. (*Id.* at 25). Defendants filed their motions to dismiss on April 2, 2018. (D.I. 32, 34).

I referred the motions to dismiss to a Magistrate Judge on July 31, 2018. (D.I. 48). A Report was issued on December 28, 2018. (D.I. 69). The Report recommends dismissal of Count I, violation of the Eighth Amendment, as to all Defendants. (*Id.* at 25-26, 49). It recommends dismissal of all claims to the extent that they allege that DOC Defendants are liable for failure to provide adequate medical or mental health treatment. (*Id.* at 33). It recommends dismissal of Count II, inadequate medical care, as to Medical Defendants Lynch and Muñoz. (*Id.* at 55). It recommends dismissal of Count III, retaliation, as to Medical Defendants. (*Id.* at 49 n.236). Finally, the Report recommends dismissal of all Counts against Defendant Metzger individually, as he was inappropriately named in his personal capacity. (*Id.* at 40 n.194).

## II. LEGAL STANDARD

Magistrate Judges have authority to make recommendations as to the appropriate resolution of a motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). In the event of an objection, this Court reviews the objected-to determinations *de novo*.

---

[3] It is not immediately clear to me how Plaintiff's claims relate to the Fifth Amendment. My understanding is that Plaintiff's right to due process derives directly from the Fourteenth Amendment. This issue was not, however, raised by Defendants in their briefing and it does not appear to impact whether Plaintiff states a constitutional claim.

2

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (cleaned up). A defendant's personal involvement can be shown by particularly pleading "allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

3

## III. DISCUSSION

Plaintiff objects to the Report's recommendation that I grant DOC Defendants' and Medical Defendants' motions to dismiss Count I to the extent it alleges an Eighth Amendment violation because of Plaintiff's confinement to the solitary housing unit. (D.I. 71 at 3-5, 7-9; *see* D.I. 29 at ¶¶ 110-15 (Count I)). The Report recommends that the law does not support Plaintiff's claim "that housing a mentally ill inmate in solitary confinement for long periods of time violates a clearly established Eighth Amendment prohibition of cruel and unusual punishment." (D.I. 69 at 25). Accordingly, the Report recommends that DOC Defendants are entitled to qualified immunity and dismissal of Count I on this issue. (*Id.* at 25-26). Plaintiff argues that this is inconsistent with the Report's recommendation that Count III, alleging a violation of the First and Fifth Amendments, be maintained. (D.I. 71 at 5). I do not agree. It is not inconsistent that a right may be clearly established under one amendment, but not clearly established under another. Thus, I will adopt the Report's recommendation and dismiss Count I as to DOC Defendants to the extent it alleges an Eighth Amendment violation because of Plaintiff's confinement to the solitary housing unit.

The Report also recommends that I dismiss Count I, violation of the Eighth Amendment via placement in solitary confinement, as to Medical Defendants. (*See* D.I. 69 at 49). The Report's recommendation is based on a finding that "Medical Defendants did not participate in the decision to place Clark in the [solitary housing unit], or the length of time he was housed there." (*Id.* at 47). This conclusion stems from an analysis of rules and statutes that place responsibility for establishing procedures and standards with the Department of Correction and prison officials. (*Id.* at 47-49). Plaintiff argues that this is not a correct basis for dismissing his claim that Medical Defendants had a decision-making role in housing determinations under the standards set by the Department of Correction. (D.I. 71 at 7-9). I do not agree. The rules under

4

which the Department of Correction operates when deciding whether to place an inmate in solitary confinement suggest it is unlikely that Medical Defendants had a role in inmate housing determinations. More importantly, the allegations in the FAC regarding the housing decisions only refer to actions attributable to DOC Defendants. (D.I. 29 at ¶¶ 72-75). Thus, Plaintiff's claim that Medical Defendants violated the Eighth Amendment by placing him in solitary confinement, which is unsupported by any factual allegations, is implausible. I will adopt the Report's recommendation as to this Count and I will dismiss Count I as to Medical Defendants to the extent it alleges an Eighth Amendment violation because of Plaintiff's confinement to the solitary housing unit.[4]

Plaintiff also objects to the Report's recommendation that I grant DOC Defendants' motion to dismiss Count I's allegations of inadequate medical care. (D.I. 71 at 5-6). "In order to establish a violation of [a prisoner's] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). The deliberate indifference standard may be satisfied, however, "when a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it or delays necessary medical treatment based on a nonmedical reason." *Pearson v. Prison Health Serv.*, 348 F. App'x 722, 725 (3d Cir. 2009) (cleaned up).

---

[4] I will not dismiss Count I to the extent it alleges an Eighth Amendment violation due to Medical Defendants providing inadequate medical care. Those allegations may be duplicative of Count II but are not insufficient as a matter of law.

5

Plaintiff's allegations of deliberate indifference are sufficient to withstand a motion to dismiss. Plaintiff alleges that "Defendants are well-aware of Mr. Clark's serious mental illness," and that "Defendants deprived [him] of any meaningful mental health treatment." (D.I. 29 at ¶¶ 5, 9). He further alleges that he had "no access to therapy sessions or counselling, [that] he only saw a mental health provider who evaluated his medications once every few months," and that Defendants "ignored [his] need for and denied his requests for adequate counselling and proper medication." (*Id.* at ¶¶ 41, 62). As to each DOC Defendant, Plaintiff alleges that Defendant "denied him mental health treatment" or "authorized, approved of, or directed" such denial. (*Id.* at ¶¶ 91, 95, 97). The FAC also alleges that DOC Defendants failed to follow the Department of Correction's policy regarding the treatment of SMI patients who are housed in the solitary housing unit. (*Id.* at ¶¶ 71-78).

No one seriously disputes that Plaintiff requires medical treatment for his SMI, which is a serious medical need. Regarding deliberate indifference to that need, Plaintiff, as an SMI inmate, relies on the Department of Correction to provide him appropriate medical treatment. The FAC specifically alleges that, during his stay in the solitary housing unit, Plaintiff's medical needs were ignored by DOC Defendants and that his requests for appropriate medical treatment were denied. Accepting the allegations in the FAC as true, it is not implausible to conclude that DOC Defendants were aware of Plaintiff's need for treatment, were aware that he was not being treated appropriately, and intentionally failed to remedy the situation. The fact that DOC Defendants allowed Plaintiff occasional visits with mental health providers does not *per se* immunize them from liability. If, as Plaintiff alleges, DOC Defendants allowed Plaintiff to see a mental health provider only every few months, it is plausible to conclude that DOC Defendants had reason to believe such provider was not sufficiently treating Plaintiff. Thus, I will not

6

dismiss Count I as to DOC Defendants to the extent it alleges inadequate medical care in violation of the Eighth Amendment.

DOC Defendants object to the Report's recommendation that Plaintiff's request for prospective relief not be dismissed as moot.[5] (D.I. 72 at 2-3). Although they admit that Plaintiff requests relief that is different from the relief ordered in *CLASI*,[6] they argue that the *CLASI* order

---

[5] Plaintiff requests an injunction that orders:

    a. Mr. Clark shall not be confined to the [solitary housing unit];

    b. If prison officials determine, in consultation with a medical doctor who evaluates Mr. Clark at the time and agrees with the officials' documented determination, that Mr. Clark is an immediate danger and needs to be segregated from the general population, and there is no reasonable alternative, Mr. Clark shall be placed in a facility, such as the [Special Needs Unit] or [Delaware Psychiatric Center], capable of providing him with proper mental health care as set forth in his individual treatment plan;

    c. Mr. Clark shall be given mental health treatment, including regular counseling sessions no less than twice a month, in a private setting determined by a medical doctor or licensed clinical social worker to be conducive to mental health counselling in a manner and location that promotes confidentiality;

    d. Mr. Clark shall have an individual treatment plan that shall be implemented regardless of his housing;

    e. Mr. Clark's individual treatment plan shall include components to remedy the extreme damage done to him by DOC's cruel and unusual punishment of Mr. Clark, and shall include a re-entry plan to be implemented beginning in early 2018 to prepare Mr. Clark for successful reintegration into society upon his currently scheduled release date in 2019;

    f. Mr. Clark's medications shall be evaluated by a medical doctor in consultation with Mr. Clark in a private setting no less than every three months;

    g. Mr. Clark shall have no less than three hours per day outside his cell regardless of his housing situation[.]

(D.I. 29 at Prayer for Relief ¶ 2). I note that the FAC mentions Plaintiff is scheduled to be released sometime in 2019. (*Id.* at ¶ 80). Plaintiff's release from custody may yet moot his request for injunctive relief.

[6] *Community Legal Aid Society, Inc. v. Coupe*, Case No. 15-688-GMS (D. Del.).

7

renders implausible the possibility that the treatment of seriously mentally ill inmates is constitutionally inadequate. (*Id.*). I do not find DOC Defendants' argument persuasive. I will decide the relief Plaintiff is entitled to, if any, once all the facts of this case are known. It would be wrong for me to decide, as a matter of law, that the order this Court issued in another case makes all care of seriously mentally ill inmates constitutionally acceptable in all circumstances. I will adopt the Report's recommendation and allow Plaintiff to move forward requesting prospective relief.

DOC Defendants also object to the Report's recommendation that Plaintiff sufficiently states a retaliation claim (Count III) based on his allegation that DOC Defendants placed him in solitary confinement *because* of his mental illness.[7] (D.I. 72 at 3-4). They argue that he wasn't put in solitary confinement for his mental illness, but rather, he was put in solitary confinement for *conduct* that was the result of mental illness. (*Id.*). They posit that putting an inmate in solitary confinement for mental-illness-related conduct is distinct from the clearly unconstitutional decision to place an inmate in solitary confinement because of the mental illness itself. (*Id.*). Plaintiff responds by identifying several places in the FAC where he alleges retaliation based on both his conduct and his mental illness. (D.I. 75 at 2-3). Plaintiff also argues that the difference between conduct and the mental illness itself is largely a distinction without meaning. (*Id.* at 3-5). Most manifestation of mental illness, indeed the way mental

---

[7] Count III alleges that Defendants retaliated against Plaintiff in violation of the First and Fifth Amendments as applied through the due process clause of the Fourteenth Amendment. (D.I. 29 at 24). It is not readily apparent which specific First Amendment activity Plaintiff alleges that Defendants were retaliating against. (*See id.* (listing "(i) requesting medical treatment, (ii) requesting for explanations of why he was in the SHU, (iii) mental illness and manifestations thereof, and (iv) providing information and assistance in the 2006 DOJ Investigation.")). Whether Plaintiff sufficiently pled that he engaged in protected speech and whether Plaintiff plausibly pled that Defendants retaliated against that speech were not, however, issues raised by Defendants.

8

illness is identified and diagnosed, is or could be considered "conduct." I agree with Plaintiff, at least at the motion-to-dismiss stage of the case. He has sufficiently alleged that DOC Defendants placed him in solitary confinement because of his mental illness. I also agree that the distinction between conduct and a mental illness itself is not a likely bound on which to lay a constitutional distinction. I will adopt the Report's recommendation on this point.

DOC Defendants further object to the Report's recommendation that Plaintiff adequately pled claims as to each named DOC Defendant. (D.I. 72 at 5-8). Many of their arguments on the specificity of the claims are new—raised for the first time as an objection to the Report. Per this Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 17, a party wishing to make new arguments in an objection to a Magistrate Judge's recommended disposition must identify them and describe good cause for failing to previously make the argument before the Magistrate Judge. DOC Defendants argue, essentially, that they did not make the new arguments earlier because they chose to make different arguments before the Magistrate Judge. (D.I. 72-1). This is not good cause. Thus, I will not consider DOC Defendants' newly raised arguments. I will, however, consider the sufficiency of Plaintiff's retaliation claim against Defendants Coupe, Phelps, and Pierce, an issue which was raised at the appropriate time.

DOC Defendants argue that Plaintiff failed to plead sufficient facts to support a retaliation claim (Count III) against Coupe, Phelps, and Pierce. (D.I. 72 at 5-6). They argue that Plaintiff must sufficiently plead two facts to establish such a claim: (1) he was placed in solitary confinement *because* of his mental illness and (2) that there was a policy of placing inmates in solitary confinement because of their mental illness. (*Id.* at 5). As I explain above, Plaintiff has sufficiently pled that he was placed in solitary confinement because of his mental health. As to pleading a policy, the FAC alleges that Defendants have a "policy and practice of placing and

9

keeping SMI prisoners like Mr. Clark in the [solitary housing unity] because of their mental illness." (D.I. 29 at ¶ 78). It further alleges, "Defendants, including Coupe and Phelps, sanctioned and adhered to a practice of housing hundreds of SMI prisoners, including Mr. Clark, in the [solitary housing unit] because of and in retaliation for conduct related to their SMI." (*Id.* at ¶ 89). This is consistent with the Report's conclusion that the FAC plausibly alleges that "each of the named defendants were aware of Clark's mental illness, were involved in the alleged constitutional violations, and that the FAC adequately alleges a background of events and circumstances plausibly demonstrating the supervising DOC Defendants . . . were deliberately indifferent based upon their knowledge of and acquiescence in those violations." (D.I. 69 at 39-40). I agree with the Report's conclusion and I will adopt the Report's recommendation on this issue.[8]

## IV. CONCLUSION

I will dismiss Count I as to all Defendants to the extent it alleges an Eighth Amendment violation because of Plaintiff's confinement to the solitary housing unit. I will overrule DOC Defendants' objection to the Report's recommended disposition of Plaintiff's request for prospective relief. I will also overrule DOC Defendants' objection to the Report's recommended disposition of Count III, retaliation, as to Defendants Coupe, Phelps, and Pierce. I will sustain Plaintiff's objection to the portion of the Report that finds Plaintiff's allegations of inadequate medical care in Count I are insufficient. Thus, I will not dismiss Count I to the extent it alleges inadequate medical care in violation of the Eighth Amendment. I will also adopt the unchallenged portions of the Report & Recommendation.

---

[8] DOC Defendants mention in a footnote that I should note the *CLASI* settlement as evidence that the senior managers did not condone a policy. (D.I. 72 at 5 n.8). I do not think the *CLASI* settlement, entered after the events alleged in the FAC, necessarily bears on whether senior DOC officials remain potentially liable for pre-*CLASI* actions or policies.

10