IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANGELO LEE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT COUPE, et al.,<br><br>Defendants. | Civil Action No. 1:17-cv-00066-RGA |

**MEMORANDUM**

Presently before me is Plaintiff Angelo Clark's Motion for Reargument (D.I. 86) on certain issues I decided in my March 29, 2019 Memorandum and Order resolving Defendants' motions to dismiss (D.I. 82, 83). The Parties have briefed the issues. (D.I. 86, 88, 89). For the reasons discussed below, I will grant Plaintiff's motion.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019).

Plaintiff requests that I reconsider my decision that qualified immunity insulates the DOC Defendants[1] from suit on Count I's Eighth Amendment claim. (D.I. 86 at 3-6). I will grant his request and reconsider. To overcome qualified immunity at the motion to dismiss stage, a Plaintiff must plead a violation of a clearly established right. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). This Court previously found that there was no dispute that putting an inmate in solitary confinement because of his mental illness is a violation of clearly established law. (D.I. 69 at 19). This finding, which the Parties do not dispute, stems from *Robinson v. California*, where the Supreme Court found, "Even one day in prison would be a cruel and unusual punishment for the 'crime' of having a [disease]." 370 U.S. 660, 667 (1962). This Court also found that no clearly established law supported Plaintiff's position that "housing a mentally ill inmate in solitary confinement for long periods of time violates a clearly established Eighth Amendment prohibition of cruel and unusual punishment." (D.I. 69 at 25).

I stand by the Court's previous determination that no clearly established law supports finding that housing a mentally ill inmate in solitary confinement is *per se* a violation of the Eighth Amendment. In his briefing on the motion to dismiss, Plaintiff identified two cases as support for his contention that housing a mentally ill inmate in solitary confinement is cruel and unusual punishment: *In re Medley*, 134 U.S. 160 (1890) and *Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995). In his motion for reconsideration, Plaintiff identifies one additional case: *Palakovic v. Wetzel*, 854 F.3d 209 (3d Cir. 2017).

The *In re Medley* Court addressed a Colorado law that imposed solitary confinement on all capital offenders. 134 U.S. at 162-63. The law was enacted after Mr. Medley committed his

---

[1] "DOC Defendants" are Defendants Robert Coupe, Perry Phelps, Dana Metzger, David Pierce, Jeffrey Carrothers, Bruce Burton, Marcello Rispoli, and Roland Willey.

2

crime and the Supreme Court determined it was an unconstitutional *ex post facto* law, as applied to him. *Id.* at 171-73. In arriving at its conclusion, the Court discussed the perils of solitary confinement and determined that solitary confinement is an additional punishment. *Id.* at 167-71. The Court did not, however, conclude that solitary confinement was an unconstitutional punishment and it did not strike down the Colorado law as it applied to future capital offenders. *See id.* at 172-73.

The *Madrid v. Gomez* case was brought by a class of inmates seeking injunctive and declaratory relief from certain prison conditions. 889 F. Supp. at 1155. The court held a bench trial on a number of practices, including the conditions of the solitary housing unit. *Id.* at 1156, 1260-66. It determined that placing seriously mentally ill inmates in the solitary housing unit, "under conditions as they currently exist at [the prison]," was cruel and unusual punishment in contravention of the Eighth Amendment. *Id.* at 1265-67. Of course, as the *Madrid* Plaintiffs did not seek monetary damages, the court did not address the issue of qualified immunity.

The cases Plaintiff originally presented to this Court, *Medley* and *Madrid*, do not represent clearly established law that it is unconstitutional to place mentally ill inmates in solitary confinement. As this Court noted before, "The statements in *In re Medley* have nothing to do with the question of whether solitary confinement of sane, or mentally ill, prisoners constitutes cruel and unusual punishment in violation of the Eighth Amendment." (D.I. 69 at 21). Rather, the statements address the narrow issue of whether Mr. Medley was improperly placed in solitary confinement under an *ex post facto* law. And, although *Madrid* does address the constitutionality of placing mentally ill inmates in solitary confinement, it is a far cry from Supreme Court precedent or a "a robust consensus of cases of persuasive authority." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

3

*Palakovic v. Wetzel* gets Plaintiff closer to showing that there may some right barring confinement of mentally ill individuals to the solitary housing unit, but still misses the mark. In *Palakovic*, the executors of Brandon Palakovic's estate brought suit against several prison officials and mental healthcare providers. 854 F.3d at 217. Brandon, a 23-year-old with a history of serious mental illness, committed suicide while in solitary confinement. *Id.* The district court had dismissed the plaintiffs' Eighth Amendment claim related to Brandon's time in solitary confinement by applying the "vulnerability to suicide framework," and refusing to consider other possible Eighth Amendment claims. *Id.* at 224-25. The Third Circuit concluded, "to the extent Brandon could have brought an Eighth Amendment claim contesting his conditions of confinement while he was alive, his family should not be precluded from doing so because he has passed away." *Id.* at 225. It said, "the District Court erred in dismissing it *solely* for that reason." *Id.* (emphasis added). The court then went on to address the "vulnerability to suicide" claim and the "the robust body of legal and scientific authority recognizing the devastating mental health consequences caused by long-term isolation in solitary confinement." *Id.*

*Palakovic* supports the conclusion that solitary confinement, especially of mentally ill individuals, is increasingly disfavored. It does not, however, represent a clearly established right that *per se* prohibits housing a mentally ill inmate in solitary confinement. The Third Circuit found the district court erred in dismissing the Palakovics' other Eighth Amendment claims simply because Brandon had committed suicide. The court did not consider whether they had alleged a constitutional violation, whether the defendants were insulated by qualified immunity, or any other potential bar to the Palakovics successfully bringing such a claim. The fact that the

4

Third Circuit found "vulnerability to suicide" is not the only claim available to a deceased inmate's estate does not provide for a clearly established right.

Thus, I again conclude that there is no clearly established Eighth Amendment right that *per se* prohibits housing a mentally ill inmate in solitary confinement.

From Plaintiff's previous briefing, I did not apprehend his additional argument that his Eighth Amendment claim, as opposed to the other claims in this case, should proceed based on his argument that he was placed in solitary confinement *because* of his mental illness. There is no dispute that if a mentally ill inmate is placed in solitary confinement because of his mental illness, his clearly established right not to be punished for a disease has been violated. Count I asserts:

> Defendants' policies, practices, and procedures systematically violate the Eighth Amendment rights of Mr. Clark through institutional policies, practices, and procedures that place him at substantial risk of serious harm. Such policies, practices, and procedures include, without limitation: confinement in solitary confinement for exhibiting conduct caused by his mental illness, which poses a substantial risk of serious harm to Mr. Clark . . . .

(D.I. 29 at ¶ 112). I previously found, "the distinction between conduct and a mental illness itself is not a likely bound on which to lay a constitutional distinction." (D.I. 82 at 9). Depending on the underlying factual circumstances, punishment for mental illness related conduct may be no different than punishment for the mental illness itself. Thus, I will allow Mr. Clark to proceed with his Eighth Amendment claim on the theory that his Eighth Amendment rights were violated by Defendants placing him in the solitary housing unit because of his mental illness.

Mr. Clark also argues that I erred in partially dismissing Count I, violation of the Eighth Amendment by placing Mr. Clark in the solitary housing unit, as to the Medical Defendants.[2] (D.I. 86 at 6-7). I found that it was implausible that the Medical Defendants actively participate in the decision to place inmates in solitary confinement and that the allegations in the First Amended Complaint refer only to the DOC Defendants. (D.I. 82 at 4-5). Mr. Clark has not identified any new argument or evidence that persuade me that my conclusion on this issue was incorrect. I will, however, allow Mr. Clark to amend his pleading to allege any additional facts that support his allegations against the Medical Defendants.

---

[2] "Medical Defendants" are Defendants Dr. William Ray Lynch, Dr. Paola Muñoz, Dr. David Yunis, Rhonda Montgomery, Susan Mumford, and Stephanie D. Johnson.