IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANGELO LEE CLARK,

    Plaintiff,

v.

ROBERT COUPE, et al.,

    Defendants.

Civil Action No. 1:17-cv-00066-RGA

**MEMORANDUM ORDER**

Presently before me is Medical Defendants'[1] Motion to Strike Portions of the Second Amended Complaint that Violate the Court's Order and Improperly Name Additional Parties as Defendants in this Case. (D.I. 96). The Parties have fully briefed the issue. (D.I. 96, 104, 111).

On May 28, 2019, Plaintiff Angelo Clark filed a Second Amended Complaint ("SAC") that names six new defendants: Connections Community Support Programs, Inc., Lezley Sexton, Stefanie Streets, Stephanie Evans-Mitchell, Carol Vodvarka, and Carol Vandrunen. (D.I. 92). Mr. Clark filed the SAC in response to my May 14, 2019 Order granting him leave to amend Count I, violation of the Eighth Amendment by placing Mr. Clark in the solitary housing unit, as to Medical Defendants. (D.I. 91).

Medical Defendants object to the newly amended complaint, arguing that the addition of new defendants is outside the scope of my Order. (D.I. 96). They are correct. I did not intend, or expect, to allow Mr. Clark to add new parties to this action. It was certainly not apparent from

---

[1] For the purpose of this motion, "Medical Defendants" refers to Dr. William Ray Lynch, Dr. Paola Munoz, Dr. David Yunis, Rhonda Montgomery, Susan Mumford, and Stephanie D. Johnson.

Mr. Clark's earlier briefing that he had any intention of making such a change. I took at face value his statement that "recently discovered facts show[ed] the Medical Defendants' participation in the decision making at issue." (D.I. 86 at 7). I understood Mr. Clark as referencing existing Defendants, not later-to-be-named individuals.[2]

Nonetheless, despite being more than two years old, this case is in the early stages. No trial date has been set and discovery is ongoing. Thus, I find that it is in the interest of justice to allow Plaintiff to add the new defendants. My decision is without prejudice to the newly named defendants raising the statute of limitations issue mentioned in the briefing. (*See* D.I. 96 at 3 n.5).

Thus, Medical Defendants' Motion to Strike Portions of the Second Amended Complaint that Violate the Court's Order and Improperly Name Additional Parties as Defendants in this Case (D.I. 96) is **DENIED**.

IT IS SO ORDERED this ___9___ day of August 2019.

_____
United States District Judge

---

[2] "Medical Defendants" was the successor term to "Medical Provider Defendants," defined by Plaintiff to be the six defendants listed in footnote 1, *supra*. (*See* D.I. 29 at ¶ 35). The magistrate judge shortened that to "Medical Defendants." (*See* D.I. 69 at 1 n.2). I continued that nomenclature. (*See* D.I. 82 at 1 n.2).