IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTOINE CLARK, as personal representative for ANGELO LEE CLARK, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT M. COUPE and DAVID PIERCE, <br><br> Defendants. | Civil Action No. 17-66-RGA |

MEMORANDUM ORDER

Before me is Defendants' motion for summary judgment. (D.I. 294). I have considered the parties' briefing. (D.I. 295, 301, 306). For the reasons set forth below, Defendants' motion is DENIED.

I. **BACKGROUND**

Angelo Clark brought claims against Defendants under 42 U.S.C. § 1983, alleging various as-applied constitutional violations that purportedly occurred during his seven-month stay in the Secure Housing Unit ("SHU") of the James T. Vaughn Correctional Center in 2016. *Clark v. Coupe*, 55 F.4th 167, 172–74 (3d Cir. 2022). Clark alleged that Defendants violated the Eighth Amendment by inflicting cruel and unusual punishment, violated his due process rights by placing him in solitary confinement, violated the Eighth Amendment by providing inadequate medical care, and violated the Fourteenth Amendment by conspiring to and retaliating against his mental illness. *Id.* at 174–75.

I permitted Clark to proceed on his retaliation and medical care claims. *Id.* at 175. A jury found in favor of Defendants on those claims. *Id.* Prior to the trial, I dismissed Clark's

1

conditions of confinement claim on qualified immunity grounds. *Id.* The Third Circuit reversed that dismissal, holding that Clark's conditions of confinement claim alleges the violation of a clearly established right: "the right of a prisoner known to be seriously mentally ill to not be placed in solitary confinement for an extended period of time by prison officials who were aware of, but disregarded, the risk of lasting harm posed by such conditions." *Id.* at 182, 188. The Third Circuit remanded the conditions of confinement claim for further proceedings. *Id.* at 188.[1] Defendants now seek summary judgment.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claim in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party

---

[1] Angelo Clark passed away while his appeal was pending before the Third Circuit. Antoine Clark was named as Clark's personal representative. *Clark*, 55 F.4th at 172 n.1.

asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460–61.

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

### III. DISCUSSION

The Third Circuit set forth the elements of Clark's remaining claim:

"The Eighth Amendment 'prohibits any punishment which violates civilized standards and concepts of humanity and decency.'" *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992)). The Supreme Court has interpreted this prohibition as "impos[ing] affirmative duties on prison officials 'to provide humane conditions of confinement.'" *Young v. Martin*, 801 F.3d 172, 177 (3d Cir. 2015) (quoting [*Farmer v. Brennan*, 511 U.S. 825, 832 (1994)]). To sufficiently allege prison officials violated his Eighth Amendment rights by imposing inhumane conditions, Clark's complaint had to allege facts showing (1) the deprivation he endured was "sufficiently serious," and (2) the prison officials had "a sufficiently culpable state of mind." *Thomas*, 948 F.3d at 138 (quoting *Farmer*, 511 U.S. at 834).

The deprivation element is adequately pled when the allegations depict conditions where the inmate is denied "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show

3

> they are "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Showing a substantial risk of harm is a less demanding standard than alleging conditions posing "a probable risk of harm." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015).
>
> The second element is subjective and requires an inmate to sufficiently plead prison officials acted with deliberate indifference. *Farmer*, 511 U.S. at 834 (citations omitted). Deliberate indifference is effectively alleged where an inmate shows officials knew of, but disregarded, that the prison conditions posed "an excessive risk to inmate health and safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

*Clark*, 55 F.4th at 179.

Defendants argue that the SHU was "restrictive housing," not "isolation or solitary confinement." (D.I. 295 at 13 (citing D.I. 296 at A-309–10, A-351)). Defendants contend that inmates in the SHU "have regular contact with their peers, correctional staff, and healthcare staff," along with "limited programming" and privileges such as television access. (*Id.* at 14 (citing D.I. 296 at A-312, A-314, A-331, A-336)). Defendants contend Clark said, "Tell Carrothers I want to stay here until you get everything figure[d] out and I need to be a level 2." (*Id.* (quoting D.I. 296 at A-903–04)).

Defendants further argue that Clark's placement in the SHU was "supported by legitimate penological interests," as he "displayed a pattern of violent and explosive behavior during his incarceration." (*Id.* (citing D.I. 296 at A-453, A-665, A-681)). Defendants contend, "Restrictive housing would actually be the safest option for inmates prone to becoming violent like Mr. Clark because the likelihood of them becoming violent to others is lower if they are in restrictive housing." (*Id.* at 13 (citing D.I. 296 at A-313)).

Plaintiff argues that Clark was incarcerated under conditions that posed a substantial risk of serious harm. (D.I. 301 at 18). Plaintiff contends that any mental health visits to Clark's cell "were not clinical, but only for screening." (*Id.* at 20). Plaintiff contends, "[W]hen Clark was

4

seen, it was at a cell door with no human contact, and when a medical exam was done, he had to stick his arm through a slot in the door which he could not open, to have his vital signs taken." (*Id.*). Plaintiff contends that Clark never had a cell mate, even if he spent some time in a cell with double bunking. (*Id.*). Plaintiff argues the record contradicts Defendants' characterization of Clark's conditions. (*Id.* (citing D.I. 302 at B0087, B0101)).

Plaintiff further contends that Clark's seven-month stay in the SHU lacked any penological purpose. (*Id.* at 20). Plaintiff contends that Clark had been "write-up free" for multiple years prior to entering the SHU. (*Id.* (citing D.I. 302 at B0471)). Plaintiff argues, "These stretches called into question any penological purpose for keeping Clark in SHU for any significant duration, even if needed for a short period for disciplinary reasons." (*Id.* at 20–21). Plaintiff contends that Clark had a medication change prior to the incident that put him in the SHU and argues that Clark "did not need to [be] in administrative segregation/SHU for months at a time" "when properly medicated." (*Id.* at 21 (citing D.I. 302 at B0209)). Plaintiff contends that Clark's medical records are not consistent with Defendants' contention that Clark was violent and dangerous. (*Id.* (citing D.I. 302 at B0089)). Plaintiff contends that "the only recent history of any improper behavior was the hitting of a fellow inmate in January 2016, which landed Clark in SHU." (*Id.*).[2]

Viewing the evidence in the light most favorable to Plaintiff, I cannot grant summary judgment on Clark's conditions of confinement claim. Defendants' briefing appears to focus

---

[2] Plaintiff argues that Defendants improperly "rely in great part on their own testimony or the testimony of other persons assigned to work in Vaughn." (D.I. 301 at 16–17). Defendants dispute this. (D.I. 306 at 3). I will consider Defendants' evidence without making any credibility determinations. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 272 (3d Cir. 2007) ("[I]n considering a motion for summary judgment the court should believe uncontradicted testimony unless it is inherently implausible even if the testimony is that of an interested witness.").

5

only on whether Plaintiff has sufficient evidence that his conditions of confinement posed a substantial risk of serious harm. Evidence in the record calls into question whether Defendants had a penological purpose in keeping Clark in the SHU for seven months, notwithstanding that Defendants had a penological purpose for initially placing Clark in the SHU. A reasonable jury could conclude that Clark's conditions subjected him to a substantial risk of serious harm. Since Defendants do not (in the pending motion) contest that there is sufficient evidence that Defendants acted with deliberate indifference, there is no basis on which to grant Defendants' motion.

IV.   **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment (D.I. 294) is DENIED.

IT IS SO ORDERED.

Entered this 18th day of June, 2024

_____
United States District Judge